REDACTED COPY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
2011 JL -6 AM 11: 50
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY: _____
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § | Cause No. |
| | § | **INDICTMENT** |
| v. | § § § § | [VIO: COUNT ONE: 21 U.S.C. § 841(a)(1) & (B)(1)(B) and 846, Conspiracy to Possess With Intent to Distribute Cocaine; COUNT TWO: 21 |
| DANIEL MCHAZLETT | § § § § § § | U.S.C. § 841(a)(1) & (B)(1)(C), Possession With Intent to Distribute Cocaine; COUNT THREE: 21 U.S.C. § 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime.] |

# DR11CR1172

THE GRAND JURY CHARGES:

## COUNT ONE

[21 U.S.C. § 841(a)(1) & (b)(1)(B) and 846]

From on or about October 26, 2010, to on or about June 30, 2011, in the Western District of Texas, Defendant,

DANIEL MCHAZLETT

knowingly, intentionally and unlawfully combined, conspired, confederated and agreed with others known and unknown to possess with intent to distribute a controlled substance, which offense involved five-hundred (500) grams or more of a mixture or substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1) & (b)(1)(B) and 846.

## COUNT TWO

[21 U.S.C. § 841(a)(1) & (b)(1)(B) and 846]

On or about June 30, 2011, in the Western District of Texas, Defendant,

DANIEL MCHAZLETT

did knowingly, intentionally and unlawfully possess with intent to distribute less than five-hundred (500) grams of a mixture or substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1) & (b)(1)(C).

## COUNT THREE

[18 U.S.C. § 924(c)(1)(A)]

On or about June 30, 2011, in the Western District of Texas, Defendant,

DANIEL MCHAZLETT

did knowingly possess a firearm, that is, a .22 Ruger pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute less than five-hundred (500) grams of a mixture or substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance, contrary to Title 18, United States Code, Section 924(c)(1)(A).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
### I.
### Controlled Substance Forfeiture Statutes and Violations
**[Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (a)(2).  See Fed. R. Crim. P. 32.2]**

As a result of the foregoing criminal violations set forth in Counts One and Two, which are punishable by imprisonment for more than one year, DEFENDANT DANIEL MCHAZLETT, shall forfeit to the United States pursuant to Title 21 U.S.C. §§ 853(a)(1) and (a)(2), which state the following:

§ 853. **Criminal forfeitures**
    (a) **Property subject to forfeiture**
    Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law–
        (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
        (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation ... .

This Notice of Demand for Forfeiture includes but is not limited to the property described in paragraph III below.

## II.
### Firearms Forfeiture Statutes and Violations
[Title 18 U.S.C. § 924(c)(1)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461. *See* Fed. R. Crim. P. 32.2]

As a result of the foregoing criminal violation as set forth in Count Three, which is punishable by imprisonment for more than one year, DEFENDANT DANIEL MCHAZLETT shall forfeit to the United States pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461, which states the following:

§ 924. **Penalties**
    (d)(1) Any firearm or ammunition involved in or used in any knowing violation ... of section 922, ... or knowing violation of section 924, ... shall be subject to seizure and forfeiture, ... under the provisions of this chapter... .

This Notice of Demand for Forfeiture includes but is not limited to the property described in paragraph III below.

## III.
### Real and Personal Property

A.    All right, title, and interest of DEFENDANT DANIEL MCHAZLETT in the following personal property which is subject to forfeiture to the United States of America:

    1.    One .22 Ruger pistol, SN: 61-07363.

A TRUE BILL.

JOHN E. MURPHY
United States Attorney

By: *[signature]*
JAY HULINGS
Assistant United States Attorney

**DR11CR1172**

SEALED:
UNSEALED: XX

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

COUNTY: ZAVALA    USAO #:

DATE: June 29, 2011    MAG. CT. #:

AUSA: JAY HULINGS

DEFENDANT: DANIEL MCHAZLETT

CITIZENSHIP: United States

INTERPRETER NEEDED: No    Language: English

DEFENSE ATTORNEY:

ADDRESS OF ATTORNEY:

DEFENDANT IS: CUSTODY    DATE OF ARREST: June 30, 2011

BENCH WARRANT NEEDED: NO

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description): Count 1 - 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 846, Conspiracy to Possess with Intent to Distribute Cocaine; Count 2 - 21 U.S.C. § 841(a)(1) & (b)(1)(C), Possession with Intent to Distribute Cocaine; Count 3 - 18 U.S.C. § 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Count 1 - 5-40 years imprisonment, up to $5 million fine, at least 4 years of supervised release, $100 special assessment; Count 2 - 0-20 years imprisonment, up to $1 million fine, at least 3 years supervised release, $100 special assessment; Count 3 - not less than 5 years (consecutive), not more than 3 years supervised release, $100 special assessment.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above    W/DT-CR-3